UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § |
| | § CRIMINAL NO. H-05-0007-1 |
| DARRELL WAYNE MONROE, JR., | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court in this prosecution for possession of a handgun by a convicted felon is Defendant Darrell Wayne Monroe, Jr.'s motion for reconsideration of the May 10, 2006 Memorandum and Order denying Mr. Monroe's motion to suppress his written confession. After reviewing the motion and the applicable law, the Court finds that the motion, Docket No. 47, should be and hereby is **DENIED**.

In the May 10 Order, the Court stated that Mr. Monroe and Ms. LaShandra Brown, who testified on his behalf at the suppression hearing, appeared to be credible witnesses. The Court nonetheless found that Mr. Monroe had not established, by a preponderance of the evidence, that the police officers who interrogated and arrested Mr. Monroe had, by threats or coercion, rendered his confession involuntary as a matter of law. Mr. Monroe now urges the Court to vacate that decision on the ground that it was the result of an improper imposition of the burden of proof upon Mr. Monroe.

Mr. Monroe is mistaken. "Coercive police conduct is a necessary prerequisite to the conclusion that a confession was involuntary, and the defendant must establish a causal link between the coercive conduct and the confession." *Carter v. Johnson*, 131 F.3d 452, 462 (5th Cir. 1997) (citing *Colorado v. Connelly*, 479 U.S. 157, 163-67

1

(1986)).[1]  In its May 10 Order, the Court expressly found that, on the night of Mr. Monroe's arrest, the police made a statement, in his presence, that there was a possibility that his child would at least temporarily be taken into custody by Child Protective Services ("CPS").  The Court did not, however, find that the statement was made at such a time or in such a manner as to coerce Mr. Monroe into giving either an oral or a written confession.

While the Court believed, and continues to believe, that Mr. Monroe and Ms. Brown thought that they were telling the truth at the suppression hearing – while, that is, the Court found them to be credible – the memories of honest witnesses often conflict, particularly when those memories concern traumatic or chaotic events.  Officers DeBlanc and Vanderberry, who testified at the suppression hearing, also appeared to be telling the truth about the events surrounding Mr. Monroe's arrest and confession.  Given the direct conflict between the evidence presented by the prosecution and that offered by the defense, the Court found, and continues to find, that Mr. Monroe has not proven his factual claims of threatening police behavior.  Accordingly, his motion for reconsideration is **DENIED**.

---

[1] In *Colorado v. Connelly*, the Supreme Court stated: "Only if we were to establish a brand new constitutional right – the right of a criminal defendant to confess to his crime only when totally rational and properly motivated – could [Defendant's] present claim be sustained."  479 U.S. 157, 166 (1986).

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of May, 2006.

---

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**